IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: _____

[CIV-MORENO **08-23060**

JOSEPH FEHELEY, on behalf of
himself and all others similarly situated,

   Plaintiffs,

v.

**COMPLAINT – CLASS ACTION**

LAI GAMES SALES, INC., a Texas corporation;
and LEISURE AND ALLIED INDUSTRIES,
d/b/a LAI GROUP, an Australian company,

   Defendants.
_____/

   Plaintiff, Joseph Feheley, on behalf of himself and all others similarly situated, sues

Defendants LAI Games Sales, Inc., a Texas corporation, and Leisure and Allied Industries,

d/b/a LAI Group, an Australian company (collectively "Defendants"), and allege as follows:

### THE PARTIES

1.   Plaintiff Joseph Feheley is a citizen of the State of Florida.

2.   Defendant LAI Games Sales, Inc. ("LAI-USA") is a Texas corporation with its

principal place of business in Carrollton, Texas.

3.   Defendant Leisure and Allied Industries, d/b/a LAI Group ("LAI-Australia"), is an

Australian company with its principal place of business in Northbridge, Western Australia.

### JURISDICTION AND VENUE

4.   The Court has jurisdiction over all causes of action asserted herein pursuant to

28 U.S.C. § 1332(d), because the aggregate claims of the Class exceeds the sum or value of

$5,000,000, and there is diversity of citizenship between proposed class members and

defendants.

5.     The Court has personal jurisdiction over Defendant LAI-USA pursuant to Florida's Long Arm statute, Section 48.193, Florida Statutes, because LAI-USA: (a) committed a tortious act within the State of Florida; and (b) is engaged in substantial and not isolated activity in the State of Florida.

6.     The Court has personal jurisdiction over Defendant LAI-Australia pursuant to Florida's Long Arm statute, Section 48.193, Florida Statutes, because LAI-USA: (a) committed a tortious act within the State of Florida; and (b) is engaged in substantial and not isolated activity in the State of Florida.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) because the events and conduct giving rise to the claims of Plaintiff and the Class constitute interstate commerce, and a significant portion thereof occurred in this District.  Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(d) as Defendant LAI-Australia is not a citizen of the United States and may be sued in any district.

**COMMON ALLEGATIONS**

8.     LAI-Australia promotes itself as a "leading player in the interactive entertainment industry" since 1958.  According to the promotional material appearing on its Internet website, www.laigaimes.com, LAI-Australia is "involved in all aspects of the industry from game development, manufacturing and sales to the operation of Family Entertainment Centres and Street Operations."

9.     Upon information and belief, LAI-USA is a wholly owned subsidiary of LAI-Australia.  Also upon information and belief, LAI-Australia transacts business in the United States through its subsidiary, LAI-USA.

10.     Defendants develop, manufacture, and sell arcade-style prize vending games to distributors, operators and entertainment centers in the United States and around the world.

2

11.   Defendants' games appear in such venues as shopping malls, movie theaters, cinemas, and restaurants.

12.   One such game manufactured and sold by Defendants is known as "Stacker," an electronic game that was introduced to the general public in 2004.  The object of Stacker is to load or "stack" horizontally-moving blocks up to fifteen (15) levels high.  At level eleven (11), the game enters a temporary holding pattern in which players can choose to collect a "minor prize" (worth only 20% to 30% of the price of a single play), or risk that prize to continue to play for a more valuable "major prize" (worth about 100 times the price of a single play) which allegedly, can be won at level fifteen (15).

13.   Typical "major prizes" are worth $70.00 to $100.00 and include, but are not limited to, mobile phones, MP3 players, compact disc players, and handheld electronic games.

14.   Both major and minor prizes are hung from hooks within the game from which the prizes are dispensed.  The prizes are plainly visible to those who play the game.  Few major prizes, if any, however, are ever actually dispensed from a Stacker game.

15.   Unbeknownst to those who play Stacker, the payout of major prizes is programmable and therefore, winning a major prize is not determined by a player's skill, but rather, by chance.  Specifically, Defendants' default setting on every Stacker manufactured and sold is to dispense a major prize only once in every four hundred (400) plays.  Thus, if a single play is one dollar ($1.00), a major prize (valued as much as one hundred dollars ($100.00)) will only be dispensed after four hundred dollars ($400.00) have been inserted into the Stacker game.

16.   Notwithstanding its default setting, a Stacker machine may be programmed to dispense a major prize with *even less frequency*, as the game can be programmed to dispense a major prize once in every 600 games or once in every 800 games.

3

17.     Defendants know that major prizes act as a lure to those who play Stacker, even though only 1 in 400, *i.e.*, *one quarter of one percent (.25%)* (*or less, if the machine is set to dispense major prizes with even less frequency*) will ever win a major prize.   Defendants characterize this one-armed banditry as "a brilliant game concept" in their promotional materials which they direct to businesses and entities that operate such machines for profit.

18.     In the Operator's Manual that comes with a new Stacker machine, Defendants describe the game as having "a real 'Ahh! Just missed' feeling" which, with several "user-friendly adjustments," can be "fine-tuned" by an operator of the game "for maximum earning potential."

19.     In their promotional materials, Defendants tout their "huge in-depth knowledge of what works and what turns players on" and highlight the benefits to be gained from the repeated attempts of players to win a major prize *which, in reality, they cannot win at all unless they happen to be that lucky one person in 400 – or 600 or 800*.   Defendants unapologetically state that "LAI understands player's emotions and **exploits** their greed that makes them try and try again." (emphasis added).

20.     Thus, as Stacker rarely, if ever, pays out a major prize, Defendants reassure game operators in their promotional materials that the major prizes stocked in a Stacker game will go nowhere, and that operators will be able to reap hundreds, if not thousands, of dollars every week because up to **90%** of those who play Stacker will experience an irresistible compulsion to continue to play the game in the hope of winning a major prize which, in all probability, *they cannot win*:

> Your players should easily reach [the Minor Prize] level of the game, they will feel a sense of victory but then "greed takes over" and **up to 90% of players** will risk the low value Prize and continue the game for the more expensive major Prize.

4

Getting the repeat play is the key to success, it will fill your cashbox.

So, the moral to the story is – let your players get up to the minor Prize level, **your Prizes are safe – but empty your Cashbox regularly**.

(emphasis added).

21.     Thus, as major prizes are not won by skill, but rather, by a factory default setting of a 1 in 400 chance of success, Stacker is clearly nothing more than a **slot machine**.

22.     Under Florida law, for example, it is unlawful to manufacture, sell, rent, lease, or offer to sell, rent or lease a slot machine or other device "pursuant to which the user thereof, as a result of **any** element of chance or other outcome unpredictable to him or her, may become entitled to receive any . . . thing of value." FLA. STAT. § 849.15(b) (emphasis added).  Stacker clearly falls within the category of slot machines and gambling devices since a player, through the payment of money into a Stacker game, may become entitled to a thing of value, such as a "major prize," as a result of an element of chance – *i.e.*, a 1 in 400 chance of winning on Defendants' default setting.

23.     In manufacturing, selling and causing Stacker games to be distributed throughout the United States, Defendants have engaged in unfair and deceptive trade practices which include, but are not limited to, the following:

     a.     Causing the Stacker game to mislead, or cause confusion to, those who play the game, as Stacker is manufactured to look, feel and appear to be a game of skill, when in reality, Stacker is really a game of chance;

     b.     Failing to include warnings or other material information on Stacker machines to inform players that Stacker is a game of chance and that the odds of winning a major prize are programmable;

c.    Failing to include material information and/or disclose on Stacker machines that the manufacturer's default payout setting for a major prize is only 1 in 400;

d.    Failing to include material information and/or disclose on Stacker machines to indicate that such machines are gambling devices or slot machines; and

e.    Failing to obtain registrations, licenses or other approvals from government entities that regulate the manufacture, sale, distribution, lease, or operation of gambling devices and slot machines.

24.    Through the above referenced unfair and deceptive acts or practices, Defendants intended that consumers, such as Plaintiff, would play Stacker under the false impression that he or she could win a major prize with skill rather than by chance.

25.    In or about the summer of 2008, Plaintiff played Stacker with the intent to win a major prize and reasonably believed that success would be based upon his skill.  Plaintiff had no reason to believe that Stacker was a slot machine, or that the odds of winning a major prize in playing Stacker are programmable.

26.    Plaintiff played Stacker multiple times and each time was able to successfully complete certain levels of the game, but thereafter failed to successfully complete level 15 each time the game was played.

27.    Plaintiff would not have played Stacker had Plaintiff known all material facts about the game including, but not limited to, the fact that a major prize is not won based upon a player's skill, but rather, by chance – the odds of which are preset to a default of one chance in 400.

28.     According to a press release dated January 1, 2008, Defendants have manufactured and sold ten thousand (10,000) Stacker games.  In addition to the standard Stacker game, Defendants also manufacture, sell and distribute a larger version of the game known as "Stacker Giant" which takes up nearly three times the width of a standard Stacker machine.  The game play of both Stacker and Stacker Giant is the same, with the only difference being that Stacker Giant has more room for the placement of prizes inside the game, and therefore, even greater potential to lure consumers to play the game.

29.     Plaintiff has retained the law firms of Legon Ponce & Fodiman, P.A. and The Herskowitz Law Firm and is obligated to pay them attorneys' fees incurred in this action.

### CLASS ACTION ALLEGATIONS

30.     This action is properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3) as Plaintiff seeks injunctive and declaratory relief and damages.

31.     Plaintiff brings this action on behalf of himself and all other members of a class consisting of all individuals who have played Stacker or Stacker Giant at any time since July 1, 2004 in the United States (hereinafter the "Class").  Excluded from the Class are Defendants, their parents, affiliates, subsidiaries, and Defendants' respective directors, officers, employees, agents, and legal counsel.

32.     The Class is composed of no fewer than tens of thousands of individuals nationwide, and is sufficiently numerous for class treatment.  The joinder of all Class members individually in one action would be impracticable, and the disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

33.     Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse to the interests of other members of the Class.

7

34.     Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced and competent in the prosecution of class action litigation.

35.     This dispute raises questions of law and fact that are common to all Class members.   Further, these common issues predominate over questions that arise on an individual basis for Class members, and include, but are not limited to, the following:

    a.     Whether Defendants' representations, omissions, and/or conduct regarding the Stacker game were false or misleading;

    b.     Whether Defendants' presentation of the Stacker game, through its look, feel and appearance is likely to deceive consumers into believing that Stacker is a game of skill, rather than a game of chance;

    c.     Whether Defendants omitted to disclose information regarding the operation of Stacker that would be material to an average consumer's decision to play Stacker;

    d.     Whether Stacker constitutes a game of chance;

    e.     Whether Stacker constitutes a gambling device or slot machine;

    f.     Whether Defendants have violated criminal and penal statutes for manufacturing and selling slot machines or gambling devices, and/or causing such machines or devices to be distributed in interstate commerce throughout the United States;

    g.     Whether Defendants violated the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. 501.201 *et seq.*, as well as whether Defendants violated the state consumer protection laws listed in ¶¶ 51-97 and ¶¶ 103-149.

8

h.   Whether members of the Class have been injured by Defendants' conduct;

i.   Whether members of the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing, and if so, what is the proper measure and appropriate formula to be applied in determining such damages and restitution; and

j.   Whether members of the Class are entitled to injunctive and declaratory relief.

36.   A class action is superior to other methods of the fair and efficient adjudication of the claims herein asserted.   Plaintiff anticipates no unusual difficulties are likely to be encountered in the management of this class action.

37.   A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.   Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.   If a Class or general public action is not permitted, Class members will continue to suffer losses and Defendants' misconduct will continue without proper remedy.

38.   Defendants have acted and refused to act on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

9

## COUNT I – AGAINST LAI-USA
### Violations of Florida Deceptive and Unfair Trade Practices Act

39.     Plaintiff adopts and realleges the averments in paragraphs 1 through 38 as if fully set forth herein.

40.     LAI-USA violated Florida law, including but not limited to Section 849.15, Florida Statutes, by manufacturing, selling, renting, leasing, and/or offering to sell, rent or lease the Stacker game which, no different than a slot machine, entitles a user to a prize on the basis of chance.  LAI-USA's violation of Florida's "slot machine" statute constitutes a *per se* violation of the Florida Deceptive and Unfair Trade Practices Act, Section 501.201 *et seq.*, Florida Statutes.

41.     In further violation of the Florida Deceptive and Unfair Trade Practices Act, Section 501.201 *et seq.*, Florida Statutes, LAI-USA also used and employed acts and commercial practices through misrepresentations, omissions, and/or conduct that was designed to mislead, confuse, and deceive consumers who played the Stacker game to reasonably believe that the game is one of skill, when in reality, it is a game of chance.

42.     Plaintiff and the Class have been damaged as a result of LAI-USA's deceptive and unfair commercial practices.

## COUNT II – AGAINST LAI-AUSTRALIA
### Violations of Florida Deceptive and Unfair Trade Practices Act

43.     Plaintiff adopts and realleges the averments in paragraphs 1 through 38 as if fully set forth herein.

44.     LAI-Australia violated Florida law, including but not limited to Section 849.15, Florida Statutes, by manufacturing, selling, renting, leasing, and/or offering to sell, rent or lease the Stacker game which, no different than a slot machine, entitles a user to a prize on the basis of chance.  LAI-Australia's violation of Florida's "slot machine" statute constitutes a *per se*

violation of the Florida Deceptive and Unfair Trade Practices Act, Section 501.201 *et seq.*, Florida Statutes.

45.     In violation of the Florida Deceptive and Unfair Trade Practices Act, Section 501.201 *et seq.*, Florida Statutes, LAI-Australia also used and employed acts and commercial practices through misrepresentations, omissions, and/or conduct that was designed to mislead, confuse, and deceive consumers who played the Stacker game to reasonably believe that the game is one of skill, when in reality, it is a game of chance.

46.     Plaintiff and the Class have been damaged as a result of LAI-Australia's deceptive and unfair commercial practices.

### COUNT III – AGAINST LAI-USA
### Violations of State Consumer Protection Laws

47.     Plaintiff adopts and realleges the averments in paragraphs 1 through 38 as if fully set forth herein.

48.     LAI-USA used and employed acts and commercial practices through misrepresentations, omissions, and/or conduct that were designed to mislead, confuse, and deceive consumers who played the Stacker game to reasonably believe that the game is one of skill, when in reality, it is a game of chance.

49.     These acts and commercial practices violate the state consumer protection statutes referenced below in ¶¶ 51-97.

50.     Additionally, LAI-USA violated similar laws in each of the listed states restricting gambling and slot machines by manufacturing, selling, renting, leasing, and/or offering to sell, rent or lease the Stacker game which, no different than a slot machine, entitles a user to a prize on the basis of chance.  LAI-USA's violations of each state's gambling and slot machine laws constitute *per se* violations of each state's consumer protection statutes.

11

51.     LAI-USA engaged in unfair and deceptive acts or practices in violation of Fla. Stat. § 501.201, *et seq.*, and Plaintiff and the Class have been damaged as a result.

52.     LAI-USA engaged in unfair and deceptive acts or practices in violation of Alaska Stat. § 45.50.471, et seq., and Plaintiff and the Class have been damaged as a result.

53.     LAI-USA engaged in unfair and deceptive acts or practices in violation of Ariz. Rev. Stat. § 44-1522, *et seq.*, and Plaintiff and the Class have been damaged as a result.

54.     LAI-USA engaged in unfair and deceptive acts or practices in violation of Ark. Code § 4-88101, *et seq.*, and Plaintiff and the Class have been damaged as a result.

55.     LAI-USA engaged in unfair and deceptive acts or practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*, and Plaintiff and the Class have been damaged as a result.

56.     LAI-USA engaged in unfair and deceptive acts or practices in violation of Colo. Rev. Stat. § 6-1-105, *et seq.*, and Plaintiff and the Class have been damaged as a result.

57.     LAI-USA engaged in unfair and deceptive acts or practices in violation of Conn. Gen. Stat. § 42-110b, *et seq.*, and Plaintiff and the Class have been damaged as a result.

58.     LAI-USA engaged in unfair and deceptive acts or practices in violation of 6 Del. Code § 2511, *et seq.*, and Plaintiff and the Class have been damaged as a result.

59.     LAI-USA engaged in unfair and deceptive acts or practices in violation of D.C. Code § 28-3901, *et seq.*, and Plaintiff and the Class have been damaged as a result.

60.     LAI-USA engaged in unfair and deceptive acts or practices in violation of Ga. Stat. § 10-1-392, *et seq.*, and Plaintiff and the Class have been damaged as a result.

61.     LAI-USA engaged in unfair and deceptive acts or practices in violation of Haw. Rev. Stat. § 480, *et seq.*, and Plaintiff and the Class have been damaged as a result.

62. LAI-USA engaged in unfair and deceptive acts or practices in violation of Idaho Code § 48-601, *et seq.*, and Plaintiff and the Class have been damaged as a result.

63. LAI-USA engaged in unfair and deceptive acts or practices in violation of 815 ILCS 505/1 *et seq.*, and Plaintiff and the Class have been damaged as a result.

64. LAI-USA engaged in unfair and deceptive acts or practices in violation of Ind. Code § 24-5-0.5-1, *et seq.*, and Plaintiff and the Class have been damaged as a result.

65. LAI-USA engaged in unfair and deceptive acts or practices in violation of Kan. Stat. § 50-623, *et seq.*, and Plaintiff and the Class have been damaged as a result.

66. LAI-USA engaged in unfair and deceptive acts or practices in violation of Ky. Rev. Stat. § 367.110, *et seq.*, and Plaintiff and the Class have been damaged as a result.

67. LAI-USA engaged in unfair and deceptive acts or practices in violation of La. Rev. Stat. § 51:1401, *et seq.*, and Plaintiff and the Class have been damaged as a result.

68. LAI-USA engaged in unfair and deceptive acts or practices in violation of Mass. Gen. L. Ch. 93A, *et seq.*, and Plaintiff and the Class have been damaged as a result.

69. LAI-USA engaged in unfair and deceptive acts or practices in violation of Md. Com. Law Code § 13-101, *et seq.*, and Plaintiff and the Class have been damaged as a result.

70. LAI-USA engaged in unfair and deceptive acts or practices in violation of 5 Me. Rev. Stat. § 207, *et seq.*, and Plaintiff and the Class have been damaged as a result.

71. LAI-USA engaged in unfair and deceptive acts or practices in violation of Mich. Stat. § 445.901, *et seq.*, and Plaintiff and the Class have been damaged as a result.

72. LAI-USA engaged in unfair and deceptive acts or practices in violation of Minn. Stat. § 8.31, *et seq.*, and Plaintiff and the Class have been damaged as a result.

73.     LAI-USA engaged in unfair and deceptive acts or practices in violation of Vernon's Missouri Stat. § 407.010, *et seq.*, and Plaintiff and the Class have been damaged as a result.

74.     LAI-USA engaged in unfair and deceptive acts or practices in violation of Mont. Code § 30-14-101, *et seq.*, and Plaintiff and the Class have been damaged as a result.

75.     LAI-USA engaged in unfair and deceptive acts or practices in violation of Neb. Rev. Stat. § 59-1601, *et seq.*, and Plaintiff and the Class have been damaged as a result.

76.     LAI-USA engaged in unfair and deceptive acts or practices in violation of Nev. Rev. Stat. § 598.0903, *et seq.*, and Plaintiff and the Class have been damaged as a result.

77.     LAI-USA engaged in unfair and deceptive acts or practices in violation of N.H. Rev. Stat. § 358-A:1, *et seq.*, and Plaintiff and the Class have been damaged as a result.

78.     LAI-USA engaged in unfair and deceptive acts or practices in violation of N.J. Rev. Stat. § 56:8-1, *et seq.*, and Plaintiff and the Class have been damaged as a result.

79.     LAI-USA engaged in unfair and deceptive acts or practices in violation of N.M. Stat § 57-12-1, *et seq.*, and Plaintiff and the Class have been damaged as a result.

80.     LAI-USA engaged in unfair and deceptive acts or practices in violation of N.Y. Gen. Bus. Law § 349, *et seq.*, and Plaintiff and the Class have been damaged as a result.

81.     LAI-USA engaged in unfair and deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.0, *et seq.*, and Plaintiff and the Class have been damaged as a result.

82.     LAI-USA engaged in unfair and deceptive acts or practices in violation of N.D. Cent. CODE § 51-15-01, *et seq.*, and Plaintiff and the Class have been damaged as a result.

83.     LAI-USA engaged in unfair and deceptive acts or practices in violation of Ohio Rev. Stat. § 1345.01, *et seq.*, and Plaintiff and the Class have been damaged as a result.

84.    LAI-USA engaged in unfair and deceptive acts or practices in violation of Okla. Stat. 15 § 751, *et seq.*, and Plaintiff and the Class have been damaged as a result.

85.    LAI-USA engaged in unfair and deceptive acts or practices in violation of Or. Rev. Stat. § 646.605, *et seq.*, and Plaintiff and the Class have been damaged as a result.

86.    LAI-USA engaged in unfair and deceptive acts or practices in violation of 73 Pa. Stat. § 201-1, *et seq.*, and Plaintiff and the Class have been damaged as a result.

87.    LAI-USA engaged in unfair and deceptive acts or practices in violation of R.I. Gen. Laws. § 6-13.1-1, *et seq.*, and Plaintiff and the Class have been damaged as a result.

88.    LAI-USA engaged in unfair and deceptive acts or practices in violation of S.C. Code Laws § 39-5-10, *et seq.*, and Plaintiff and the Class have been damaged as a result.

89.    LAI-USA engaged in unfair and deceptive acts or practices in violation of S.D. code Laws § 37-24-1, *et seq.*, and Plaintiff and the Class have been damaged as a result.

90.    LAI-USA engaged in unfair and deceptive acts or practices in violation of Tenn. Code § 47-18-101, *et seq.*, and Plaintiff and the Class have been damaged as a result.

91.    LAI-USA engaged in unfair and deceptive acts or practices in violation of Tex. Bus. & Com. Code § 17.41, *et seq.*, and Plaintiff and the Class have been damaged as a result.

92.    LAI-USA engaged in unfair and deceptive acts or practices in violation of Utah Code. § 13-11-1, *et seq.*, and Plaintiff and the Class have been damaged as a result.

93.    LAI-USA engaged in unfair and deceptive acts or practices in violation of 9 Vt. § 2451, *et seq.*, and Plaintiff and the Class have been damaged as a result.

94.    LAI-USA engaged in unfair and deceptive acts or practices in violation of Va. Code § 59.1-196, *et seq.*, and Plaintiff and the Class have been damaged as a result.

95.     LAI-USA engaged in unfair and deceptive acts or practices in violation of Wash. Rev. Code § 19.86.010, *et seq.*, and Plaintiff and the Class have been damaged as a result.

96.     LAI-USA engaged in unfair and deceptive acts or practices in violation of West Virginia Code § 46A-6-101, *et seq.*, and Plaintiff and the Class have been damaged as a result.

97.     LAI-USA engaged in unfair and deceptive acts or practices in violation of Wis. Stat. § 100.18, *et seq.*, and Plaintiff and the Class have been damaged as a result.

98.     Plaintiff and members of the Class have been injured by reason of LAI-USA's unfair and deceptive acts or practices regarding the manufacture, sale and distribution of the Stacker game.  These injuries are of the type that the above State consumer protection statutes were designed to prevent, and are the direct result of LAI-USA's conduct.

## COUNT IV – AGAINST LAI-AUSTRALIA
### Violations of State Consumer Protection Laws

99.     Plaintiff adopts and realleges the averments in paragraphs 1 through 38 as if fully set forth herein.

100.    LAI-Australia used and employed acts and commercial practices through misrepresentations, omissions, and/or conduct that were designed to mislead, confuse, and deceive consumers who played the Stacker game to reasonably believe that the game is one of skill, when in reality, it is a game of chance.

101.    These acts and commercial practices violate the state consumer protection statutes referenced below in ¶¶ 103-149.

102.    Additionally, LAI-Australia violated similar laws in each of the listed states restricting gambling and slot machines by manufacturing, selling, renting, leasing, and/or offering to sell, rent or lease the Stacker game which, no different than a slot machine, entitles a user to a prize on the basis of chance.  LAI-Australia's violations of each state's gambling and slot machine laws constitute *per se* violations of each state's consumer protection statutes.

16

103.   LAI-Australia engaged in unfair and deceptive acts or practices in violation of Fla. Stat. § 501.201, *et seq.*, and Plaintiff and the Class have been damaged as a result.

104.   LAI-USA engaged in unfair and deceptive acts or practices in violation of Alaska Stat. § 45.50.471, et seq., and Plaintiff and the Class have been damaged as a result.

105.   LAI-USA engaged in unfair and deceptive acts or practices in violation of Ariz. Rev. Stat. § 44-1522, *et seq.*, and Plaintiff and the Class have been damaged as a result.

106.   LAI-USA engaged in unfair and deceptive acts or practices in violation of Ark. Code § 4-88101, *et seq.*, and Plaintiff and the Class have been damaged as a result.

107.   LAI-USA engaged in unfair and deceptive acts or practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*, and Plaintiff and the Class have been damaged as a result.

108.   LAI-USA engaged in unfair and deceptive acts or practices in violation of Colo. Rev. Stat. § 6-1-105, *et seq.*, and Plaintiff and the Class have been damaged as a result.

109.   LAI-USA engaged in unfair and deceptive acts or practices in violation of Conn. Gen. Stat. § 42-110b, *et seq.*, and Plaintiff and the Class have been damaged as a result.

110.   LAI-USA engaged in unfair and deceptive acts or practices in violation of 6 Del. Code § 2511, *et seq.*, and Plaintiff and the Class have been damaged as a result.

111.   LAI-USA engaged in unfair and deceptive acts or practices in violation of D.C. Code § 28-3901, *et seq.*, and Plaintiff and the Class have been damaged as a result.

112.   LAI-USA engaged in unfair and deceptive acts or practices in violation of Ga. Stat. § 10-1-392, *et seq.*, and Plaintiff and the Class have been damaged as a result.

113.   LAI-USA engaged in unfair and deceptive acts or practices in violation of Haw. Rev. Stat. § 480, *et seq.*, and Plaintiff and the Class have been damaged as a result.

114.   LAI-USA engaged in unfair and deceptive acts or practices in violation of Idaho Code § 48-601, *et seq.*, and Plaintiff and the Class have been damaged as a result.

17

115.    LAI-USA engaged in unfair and deceptive acts or practices in violation of 815 ILCS 505/1 *et seq.*, and Plaintiff and the Class have been damaged as a result.

116.    LAI-USA engaged in unfair and deceptive acts or practices in violation of Ind. Code § 24-5-0.5-1, *et seq.*, and Plaintiff and the Class have been damaged as a result.

117.    LAI-USA engaged in unfair and deceptive acts or practices in violation of Kan. Stat. § 50-623, *et seq.*, and Plaintiff and the Class have been damaged as a result.

118.    LAI-USA engaged in unfair and deceptive acts or practices in violation of Ky. Rev. Stat. § 367.110, *et seq.*, and Plaintiff and the Class have been damaged as a result.

119.    LAI-USA engaged in unfair and deceptive acts or practices in violation of La. Rev. Stat. § 51:1401, *et seq.*, and Plaintiff and the Class have been damaged as a result.

120.    LAI-USA engaged in unfair and deceptive acts or practices in violation of Mass. Gen. L. Ch. 93A, *et seq.*, and Plaintiff and the Class have been damaged as a result.

121.    LAI-USA engaged in unfair and deceptive acts or practices in violation of Md. Com. Law Code § 13-101, *et seq.*, and Plaintiff and the Class have been damaged as a result.

122.    LAI-USA engaged in unfair and deceptive acts or practices in violation of 5 Me. Rev. Stat. § 207, *et seq.*, and Plaintiff and the Class have been damaged as a result.

123.    LAI-USA engaged in unfair and deceptive acts or practices in violation of Mich. Stat. § 445.901, *et seq.*, and Plaintiff and the Class have been damaged as a result.

124.    LAI-USA engaged in unfair and deceptive acts or practices in violation of Minn. Stat. § 8.31, *et seq.*, and Plaintiff and the Class have been damaged as a result.

125.    LAI-USA engaged in unfair and deceptive acts or practices in violation of Vernon's Missouri Stat. § 407.010, *et seq.*, and Plaintiff and the Class have been damaged as a result.

126.   LAI-USA engaged in unfair and deceptive acts or practices in violation of Mont. Code § 30-14-101, *et seq.*, and Plaintiff and the Class have been damaged as a result.

127.   LAI-USA engaged in unfair and deceptive acts or practices in violation of Neb. Rev. Stat. § 59-1601, *et seq.*, and Plaintiff and the Class have been damaged as a result.

128.   LAI-USA engaged in unfair and deceptive acts or practices in violation of Nev. Rev. Stat. § 598.0903, *et seq.*, and Plaintiff and the Class have been damaged as a result.

129.   LAI-USA engaged in unfair and deceptive acts or practices in violation of N.H. Rev. Stat. § 358-A:1, *et seq.*, and Plaintiff and the Class have been damaged as a result.

130.   LAI-USA engaged in unfair and deceptive acts or practices in violation of N.J. Rev. Stat. § 56:8-1, *et seq.*, and Plaintiff and the Class have been damaged as a result.

131.   LAI-USA engaged in unfair and deceptive acts or practices in violation of N.M. Stat § 57-12-1, *et seq.*, and Plaintiff and the Class have been damaged as a result.

132.   LAI-USA engaged in unfair and deceptive acts or practices in violation of N.Y. Gen. Bus. Law § 349, *et seq.*, and Plaintiff and the Class have been damaged as a result.

133.   LAI-USA engaged in unfair and deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.0, *et seq.*, and Plaintiff and the Class have been damaged as a result.

134.   LAI-USA engaged in unfair and deceptive acts or practices in violation of N.D. Cent. CODE § 51-15-01, *et seq.*, and Plaintiff and the Class have been damaged as a result.

135.   LAI-USA engaged in unfair and deceptive acts or practices in violation of Ohio Rev. Stat. § 1345.01, *et seq.*, and Plaintiff and the Class have been damaged as a result.

136.   LAI-USA engaged in unfair and deceptive acts or practices in violation of Okla. Stat. 15 § 751, *et seq.*, and Plaintiff and the Class have been damaged as a result.

137.   LAI-USA engaged in unfair and deceptive acts or practices in violation of Or. Rev. Stat. § 646.605, *et seq.*, and Plaintiff and the Class have been damaged as a result.

138.    LAI-USA engaged in unfair and deceptive acts or practices in violation of 73 Pa. Stat. § 201-1, *et seq.*, and Plaintiff and the Class have been damaged as a result.

139.    LAI-USA engaged in unfair and deceptive acts or practices in violation of R.I. Gen. Laws. § 6-13.1-1, *et seq.*, and Plaintiff and the Class have been damaged as a result.

140.    LAI-USA engaged in unfair and deceptive acts or practices in violation of S.C. Code Laws § 39-5-10, *et seq.*, and Plaintiff and the Class have been damaged as a result.

141.    LAI-USA engaged in unfair and deceptive acts or practices in violation of S.D. code Laws § 37-24-1, *et seq.*, and Plaintiff and the Class have been damaged as a result.

142.    LAI-USA engaged in unfair and deceptive acts or practices in violation of Tenn. Code § 47-18-101, *et seq.*, and Plaintiff and the Class have been damaged as a result.

143.    LAI-USA engaged in unfair and deceptive acts or practices in violation of Tex. Bus. & Com. Code § 17.41, *et seq.*, and Plaintiff and the Class have been damaged as a result.

144.    LAI-USA engaged in unfair and deceptive acts or practices in violation of Utah Code. § 13-11-1, *et seq.*, and Plaintiff and the Class have been damaged as a result.

145.    LAI-USA engaged in unfair and deceptive acts or practices in violation of 9 Vt. § 2451, *et seq.*, and Plaintiff and the Class have been damaged as a result.

146.    LAI-USA engaged in unfair and deceptive acts or practices in violation of Va. Code § 59.1-196, *et seq.*, and Plaintiff and the Class have been damaged as a result.

147.    LAI-USA engaged in unfair and deceptive acts or practices in violation of Wash. Rev. Code § 19.86.010, *et seq.*, and Plaintiff and the Class have been damaged as a result.

148.    LAI-USA engaged in unfair and deceptive acts or practices in violation of West Virginia Code § 46A-6-101, *et seq.*, and Plaintiff and the Class have been damaged as a result.

149.    LAI-USA engaged in unfair and deceptive acts or practices in violation of Wis. Stat. § 100.18, *et seq.*, and Plaintiff and the Class have been damaged as a result.

150.   Plaintiff and members of the Class have been injured by reason of LAI-Australia's unfair and deceptive acts or practices regarding the manufacture, sale and distribution of the Stacker game.  These injuries are of the type that the above State consumer protection statutes were designed to prevent, and are the direct result of LAI-Australia's conduct.

**COUNT V – AGAINST LAI-USA AND LAI-AUSTRALIA**
**Breach of Express Warranty**

151.   Plaintiff adopts and realleges the averments in paragraphs 1 through 38 as if fully set forth herein.

152.   Defendants' affirmations of fact and/or promises relating to Players created express warranties in that the Stacker games were games of skill.

153.   Defendants breached these express warranties when they sold and/or distributed its games with specific pre-programming, instructions and guidance, so that their games were games of chance, not skill and were manufactured, sold, and distributed to mislead the player as for the sole purpose of increasing profit.

154.   As a direct and proximate result of Defendants' breach of express warranties, Plaintiff and the Class suffered loss and damages.

**COUNT VI – AGAINST LAI-USA AND LAI-AUSTRALIA**
**Breach of Implied Warranty**

155.   Plaintiff adopts and realleges the averments in paragraphs 1 through 38 as if fully set forth herein.

156.   Defendants provided Plaintiff with implied warranties that their games were games of skill.

157.   Defendants breached such warranties when they sold and/or distributed its games with specific pre-programming, instructions and guidance, so that their games were

games of chance, not skill and were manufactured, sold, and distributed to mislead the player as for the sole purpose of increasing profit.

158.   Because of Defendants' failure to warn the public, failure to disclose and their false and misleading information, and concealment, Plaintiff did not and could not have known about the true fact that the Stacker games were actually games of chance, not skill.

159.   As a direct and proximate result of Defendants' breach of implied warranties, Plaintiff and the Class, have suffered loss and damages.

## COUNT VII – AGAINST LAI-USA AND LAI-AUSTRALIA
### Unjust Enrichment

160.   Plaintiff adopts and realleges the averments in paragraphs 1 through 38 as if fully set forth herein.

161.   Plaintiff and the Class conferred benefits upon Defendants by paying to play Stacker while under the belief that the game was one of skill rather than, in reality, a game of chance.

162.   Defendants accepted and retained profits and benefits from consumers, including Plaintiff, with full knowledge and awareness that consumers would play Stacker under the false belief that Stacker is a game of skill when in reality it is a game of chance.

163.   As a direct, proximate and foreseeable result of Defendants' deliberate misconduct, Plaintiff suffered loss and damages while Defendants profited and benefited from the manufacture, sale, and distribution of Stacker games.

164.   The circumstances are such that it would be inequitable for Defendants to retain the benefits conferred upon them by Plaintiff and the Class without paying the value thereof to them.

165.   By virtue of Defendants' misdeeds and violations of law, Defendants have unjustly enriched themselves at the expense of Plaintiff.  Plaintiff is entitled to, and seeks, the

22

disgorgement and restitution of Defendants' ill-gotten gains, including profits, revenues, and other benefits, to the extent and in the amount deemed appropriate by the Court.  Plaintiff is also entitled to, and seeks such other relief as the Court deems just and proper to remedy Defendants' unjust enrichment.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants LAI Games Sales, Inc. and Leisure and Allied Industries, d/b/a LAI Group, that:

A.  Declares that this action is properly maintainable as a class action and certifies Plaintiff as Class representative;

B.  Awards damages, in the form of restitution and disgorgement, to Plaintiff and members of the Class as a result of Defendants' unfair and deceptive trade practices;

C.  Enjoins Defendants from continuing to manufacture, sell and cause to be distributed Stacker games without material disclosures on the games such that consumers would know before deciding to play Stacker that it is a game of chance and that the odds of winning the game are already programmed;

D.  Awards pre-judgment and post-judgment interest;

E.  Awards Plaintiff and the Class their attorneys' fees, expenses and costs expended in this action pursuant to Section 501.2105, Florida Statutes, as well as the statutory entitlements contained in the nationwide consumer protection statutes referenced in this Complaint; and

F.  Grants such further relief deemed just and proper.

23

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

BARON & HERSKOWITZ
Attorneys for Plaintiff
One Datran Center
Penthouse One, Suite 1704
9100 South Dadeland Boulevard
Miami, Florida 33156
Telephone: (305) 670-0101
Facsimile: (305) 670-2393
E-Mail: jon@bhfloridalaw.com

BY: _____
JON M. HERSKOWITZ
Florida Bar No. 814032

and

LEGON, PONCE & FODIMAN, P.A.
Attorneys for Plaintiff
1111 Brickell Avenue, Suite 2150
Miami, Florida 33131
Telephone: (305) 444-9991
Facsimile: (305) 444-9937

BY: _____
TODD R. LEGON
Florida Bar No. 814415
TODD A. FODIMAN
Florida Bar No. 612189
WILLIAM F. RHODES
Florida Bar No. 188808

24

℀JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**

JOSEPH FEHELEY, for himself and all others similarly situated

**(b)** County of Residence of First Listed Plaintiff   **Miami-Dade County, FL**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Todd A. Fodiman, Esq.,   Legon Ponce & Fodiman, P.A.
1111 Brickell Avenue, Suite 2150
Miami, FL  33131      Tel: (305) 444-9991

**DEFENDANTS**

LAI GAMES SALES, INC., and LEISURE AND ALLIED INDUS.

County of Residence of First Listed Defendant   **Dallas County, TX**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT INVOLVED.

Attorneys (If Known)

08-23060

CIV-MORENO   /TORRES

**(d)** Check County Where Action Arose:  ☑ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  HIGHLANDS

| II. BASIS OF JURISDICTION (Place an "X" in One Box Only) | III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff (For Diversity Cases Only) and One Box for Defendant) |
|---|---|

II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☑ 4  Diversity (Indicate Citizenship of Parties in Item III)

III. CITIZENSHIP OF PRINCIPAL PARTIES

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

08-23060  Civ Moreno + Torres

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus-Alien Detainee<br>☐ 465 Other Immigration Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 875 Customer Challenge 12 USC 3410<br>☒ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Re-filed- (see VI below)  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**  (See instructions second page):   a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO
JUDGE                          DOCKET NUMBER

**VII. CAUSE OF ACTION**  Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. 1332(d) - nationwide consumer class action for deceptive and unfair trade practices.
LENGTH OF TRIAL via   4-5   days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**  ☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:   JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD   s/
DATE   November 3, 2008

FOR OFFICE USE ONLY
AMOUNT  350   RECEIPT #  989729   IFP