IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| JOSEPH FEHELEY, on Behalf of Himself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| vs. | § § § | |
| LAI GAMES SALES, INC., a Texas Corporation; and LEISURE AND ALLIED INDUSTRIES, d/b/a LAI GROUP, an Australian Company, | § § § § | CIVIL ACTION NO.  08-23060 |
| Defendants | § § § § | |

**DEFENDANT LAI GAMES SALES, INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant LAI Games

Sales, Inc. ("LAI Games") serves the following responses and objections to Plaintiff's First

Requests for Production of Documents.

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.

_____
Edward B. Adams, Jr.
State Bar No. 00790200
Seth M. Isgur
State Bar No. 24054498
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

- and -

POWERS, MCNALIS, TORRES, &
TEEBAGY
P.O. Box 21289
West Palm Beach, FL 33416-1289
Telephone: (561) 588-3000
Facsimile: (561) 588-3075

**Counsel for LAI Games Sales, Inc., a Texas
Corporation; and Leisure and Allied
Industries, d/b/a LAI Group, an Australian
Company**

## CERTIFICATE OF SERVICE

In compliance with the Federal Rules of Civil Procedure, this document has been served

on March 13, 2009 on the following parties:

Jon M. Herskowitz                        Todd A. Fodiman
Baron & Herskowitz                       Todd R. Legon
One Datran Center                        William F. Rhodes
9100 South Dadeland Blvd., Suite 1704    Legon, Ponce & Fodiman, P.A.
Miami, FL 33156                          111 Brickell Ave., Suite 2150
                                         Miami, FL 33131

                                         _____
                                         Seth M. Isgur

**GENERAL OBJECTIONS TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION**

The following General Objections apply to and are expressly made part of LAI Games' specific responses, set forth below, to each Request for Production.

1.     LAI Games objects to the Requests for Production to the extent they seek information or production of documents beyond the scope of discovery permitted under the Federal Rules of Civil Procedure.

2.     LAI Games objects to the Requests for Production to the extent they call for disclosure and/or production of documents or information protected by the attorney-client privilege, work product doctrine, or other privilege, or which are otherwise immune from discovery.  Inadvertent production of any such documents shall not constitute a waiver of any privilege with respect to the subject matter thereof or the information contained therein, and shall not waive the right of LAI Games to object to the use of any such information and/or document (or the information contained therein) during any subsequent proceeding.

3.     LAI Games objects to the Requests for Production to the extent that they call for disclosure of (i) confidential business information and/or (ii) confidential and sensitive information about individuals and entities who are not parties to this action, including, without limitation, confidential information belonging to third-party distributors, operators, and site owners. LAI Games will produce such documents and information, if they are within LAI Games' possession or control (and subject to the execution of an acceptable confidentiality agreement), only to the extent specified in this response.

4.     LAI Games objects to the Requests for Production to the extent that they are overly burdensome, were propounded solely for purposes of harassment, and are inordinately voluminous.

5.      LAI Games' Responses and Objections to Plaintiff's Requests for Production are based on the information currently known to LAI Games and are made without prejudice to LAI Games' right to use subsequently discovered information and/or documents. Discovery and pre-trial preparation may develop further information affecting the responses and LAI Games reserves the right to amend or supplement its responses accordingly. By these responses, LAI Games does not intend to limit its use of any additional information or documents it may subsequently obtain during the course of discovery and further investigation.

6.      By responding to and/or producing information in response to any of the specific Requests for Production, LAI Games does not waive its right to object to the use of such information in this action, or any other action or proceeding, for any reason, including without limitation any objections as to relevance, materiality or admissibility of evidence.

7.      No incidental or implied admissions are intended by these responses. The fact that LAI Games responds or objects to any Request for Production should not be taken as an admission that LAI Games accepts or admits the existence of any facts assumed by such Request or that such response or objection constitutes admissible evidence as to any assumed facts.

8.      The fact that LAI Games responds to part of or all of any Request is not intended to be, and shall not be, construed as a waiver by LAI Games of any part of any objection to that or any other Request.

9.      LAI Games objects to Plaintiff's definition of "Stacker." Specifically, LAI Games objects to the Plaintiff's inclusion of other games in its definition of Stacker. Plaintiff's definition of "Stacker" purports to include "any variant of the game including, but not limited to, Stacker Giant, Mini Stacker, Double Up Stacker, and the 'California' version of the Stacker." Plaintiff has not alleged that he played any of these variants, or that he suffered damages in

connection with any game other than the Stacker. Accordingly, all requests that incorporate this definition and which seek information regarding games other than the Stacker version that Plaintiff allegedly played are objectionable as overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. To the extent that LAI Games responds to any request incorporating this definition of Stacker, LAI Games' response is expressly limited to information concerning the Stacker, and LAI Games' response will not include information pertaining to these other games, which are outside the scope of this lawsuit.

## RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

**1.     All insurance policies and agreements under which any insurer, carrier, or any individual or entity may be liable to satisfy part or all of a judgment entered in this action against LAI Games, or to indemnify or reimburse LAI Games for any payments made to satisfy any judgment in this action.**

RESPONSE:

LAI Games objects to this request as duplicative and harassing, in that this request is incorporated into the similar (but broader) Request for Production No. 52.   Subject to this objection, Plaintiff is directed to LAI Games' response to Request for Production No. 52.

**2.     All documents listed or described in Defendant's Rule 26 Initial Disclosures.**

RESPONSE:

Plaintiff is directed to those documents previously produced.

**3.     All documents related to the 2008 International Association of Amusement Parks and Attractions (IAAPA) Expo held November 18-21, 2008 in Orlando, Florida.**

RESPONSE:

LAI Games objects to this request as overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.   As explained in Avel's Reply to Plaintiff's Memorandum of Law in Opposition to Avel's Motion to Strike the Affidavit of Myrna V. Hecker (Doc. 23, on file with the Court), the IAAPA Expo in Orlando is irrelevant to the jurisdictional question, because the trade show occurred during November 18-21, 2008, which is *after* the date that Plaintiff's Complaint was filed.   Because personal jurisdiction is assessed as of the time that the Complaint is filed, the IAAPA Expo is irrelevant to the jurisdictional question, and has no other relevance to any of Plaintiff's claims or any defense

of LAI Games or Avel.  *See, e.g. Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004).

**4.     All editions of the Operator's Manual for Stacker.**

RESPONSE:

LAI Games objects to this request as overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.   Subject to this objection, LAI Games will produce Stacker Operator's Manuals that have been issued over the last five years and that are in the possession of LAI Games.

**5.     All editions of the Operator's Manual for Stacker Giant.**

RESPONSE:

LAI Games objects to this request as overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff has not alleged that he played the Stacker Giant, and none of Plaintiff's causes of action or alleged damages pertain to the Stacker Giant.  As such, the request is not reasonably calculated to lead to the discovery of admissible evidence, but instead constitutes an impermissible fishing expedition.

**6.     All editions of the Operator's Manual for Mini Stacker.**

RESPONSE:

LAI Games objects to this request as overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff has not alleged that he played the Mini Stacker, and none of Plaintiff's causes of action or alleged damages pertain to the Mini Stacker.  As such, the request is not reasonably calculated to lead to the discovery of admissible evidence, but instead constitutes an impermissible fishing expedition.

7.     All editions of the Operator's Manual for the Double Up Stacker.

RESPONSE:

LAI Games objects to this request as overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has not alleged that he played the Double Up Stacker, and none of Plaintiff's causes of action or alleged damages pertain to the Double Up Stacker. As such, the request is not reasonably calculated to lead to the discovery of admissible evidence, but instead constitutes an impermissible fishing expedition.

8.     All editions of the Operator's Manual for the "California" version of Stacker.

RESPONSE:

LAI Games objects to this request as overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has not alleged that he played the "California" version of Stacker, and none of Plaintiff's causes of action or alleged damages pertain to the "California" version of Stacker. As such, the request is not reasonably calculated to lead to the discovery of admissible evidence, but instead constitutes an impermissible fishing expedition. In addition, LAI Games objects that the term "'California' version of Stacker" is vague and ambiguous, as LAI Games is not aware of any Stacker variation known by this description.

9.     All service bulletins and software updates for Stacker.

RESPONSE:

LAI Games objects that this request is vague and ambiguous, in that it does not identify the requested documents with reasonable particularity. In addition, LAI Games objects to this request as unlimited in time and scope, overbroad, unduly burdensome, and not relevant. The

request seeks all service bulletins and software updates, without regard to when the bulletins or updates were released, and without regard to the purpose of the bulletin or update. Accordingly, the request is not reasonably calculated to lead to the discovery of admissible evidence, and is not tailored to issues pertaining to Plaintiff's claims or any defenses at issue in this lawsuit, but instead represents an impermissible and unduly burdensome fishing expedition.

**10.     All service bulletins and software updates for Stacker Giant.**

RESPONSE:

LAI Games objects that this request is vague and ambiguous, in that it does not identify the requested documents with reasonable particularity. In addition, LAI Games objects to this request as overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has not alleged that he played the Stacker Giant, and none of Plaintiff's causes of action or alleged damages pertain to the Stacker Giant. As such, the request is not reasonably calculated to lead to the discovery of admissible evidence, but instead constitutes an impermissible fishing expedition.

**11.     All service bulletins and software updates for Mini Stacker.**

RESPONSE:

LAI Games objects that this request is vague and ambiguous, in that it does not identify the requested documents with reasonable particularity. In addition, LAI Games objects to this request as overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has not alleged that he played the Mini Stacker, and none of Plaintiff's causes of action or alleged damages pertain to the Mini Stacker. As such, the request is not reasonably calculated to lead to the discovery of admissible evidence, but instead constitutes an impermissible fishing expedition.

**12.     All service bulletins and software updates for Double Up Stacker.**

RESPONSE:

LAI Games objects that this request is vague and ambiguous, in that it does not identify the requested documents with reasonable particularity. In addition, LAI Games objects to this request as overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has not alleged that he played the Double Up Stacker, and none of Plaintiff's causes of action or alleged damages pertain to the Double Up Stacker. As such, the request is not reasonably calculated to lead to the discovery of admissible evidence, but instead constitutes an impermissible fishing expedition.

**13.    All service bulletins and software updates for the "California" version of Stacker.**

RESPONSE:

LAI Games objects that this request is vague and ambiguous, in that it does not identify the requested documents with reasonable particularity. In addition, LAI Games objects to this request as overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has not alleged that he played the "California" version of Stacker, and none of Plaintiff's causes of action or alleged damages pertain to the "California" version of Stacker. As such, the request is not reasonably calculated to lead to the discovery of admissible evidence, but instead constitutes an impermissible fishing expedition. In addition, LAI Games objects that the term "'California' version of Stacker" is vague and ambiguous, as LAI Games is not aware of any Stacker variation known by this description.

**14.    All documents which reflect the method or mode of operation and programming of all games identified in Requests 4 through 13 above.**

RESPONSE:

LAI Games objects that this request is vague and ambiguous, in that it does not identify the requested documents with reasonable particularity. In addition, LAI Games objects to this request as overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. As stated in LAI Games' responses to Requests for Production 4 through 13, many of the games identified in these Requests have no relevance to Plaintiff's claims or any defenses at issue in this lawsuit, and as such, the requests are not reasonably calculated to lead to the discovery of admissible evidence.

**15.    All marketing surveys related to the Stacker.**

RESPONSE:

LAI Games objects that this request is vague and ambiguous, in that it does not identify the requested documents with reasonable particularity. In addition, LAI Games objects to this request as overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. This request is not reasonably calculated to lead to the discovery of admissible evidence, but instead constitutes an impermissible fishing expedition.

**16.    All communications (including but not limited to e-mails) between any employee, agent, director, or officer of LAI Games on the one hand and any employee, agent, director, or officer of Avel Pty. Ltd. on the other related to the distribution of the Stacker game, or any of its variants, in the United States.**

RESPONSE:

LAI Games objects to this request because it is overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has not alleged that he played variants of the Stacker, and none of Plaintiff's causes of action or alleged damages, and none of LAI Games' defenses, pertain to any variants of the Stacker. As

such, this request is not reasonably calculated to lead to the discovery of admissible evidence, but instead constitutes an impermissible fishing expedition.

Subject to this objection, after a diligent search, LAI Games did not locate any communications between LAI Games and Avel that relate to the distribution of the Stacker within the United States.

**17.    All communications (including but not limited to e-mails) between any employee, agent, director, or officer of LAI Games on the one hand and any employee, agent, director, or officer of LAI Games USA, Inc., on the other related to the distribution of the Stacker game, or any of its variants, in the United States.**

RESPONSE:

LAI Games objects to this request as overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. This request is not reasonably calculated to lead to the discovery of admissible evidence, but instead represents an impermissible fishing expedition. In addition, LAI Games objects to the portion of this request that seeks information regarding variants of the Stacker game as overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has not alleged that he played variants of the Stacker, and none of Plaintiff's causes of action or alleged damages, and none of LAI Games' defenses, pertain to any variants of the Stacker.

**18.    All documents related to the finance program referenced in the LAI Games' July 25, 2007 Press Release including, but not limited to, applications and term sheets for financing.**

RESPONSE:

LAI Games objects to this request as overbroad, unduly burdensome, and not relevant. The request is not reasonably calculated to lead to the discovery of admissible evidence, but instead represents an impermissible fishing expedition.

**19. All agreements between LAI Games and Avel Pty. Ltd. related to the distribution, sale, or marketing of any game including, but not limited to, the Stacker.**

RESPONSE:

LAI Games objects to the portion of this request that seeks agreements related to the distribution, sale, or marketing of games other than the Stacker as overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has not alleged that he played any games other than the Stacker, and none of Plaintiff's causes of action or alleged damages, and none of LAI Games' defenses, pertain to any of these other games. As such, this request is not reasonably calculated to lead to the discovery of admissible evidence, but instead constitutes an impermissible fishing expedition. LAI Games further objects to the request for agreements related to the distribution, sale, or marketing of games (including the Stacker) that do not involve markets within the United States as overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. None of Plaintiff's causes of action, and none of LAI Games' defenses, pertain to international markets, such that this portion of the request is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections, after a diligent search, LAI Games did not locate any sales, marketing, or distribution agreements between LAI Games and Avel that relate to the distribution of the Stacker within the United States.

**20. All agreements between LAI Games and LAI Games USA, Inc. related to the distribution, sale, or marketing of any game including, but not limited to, the Stacker.**

RESPONSE:

LAI Games objects this request because it seeks agreements related to the distribution, sale, or marketing of games other than the Stacker, and, therefore it is overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has not alleged that he played any games other than the Stacker, and none of Plaintiff's causes of action or alleged damages, and none of LAI Games' defenses, pertain to any of these other games. The request is not reasonably calculated to lead to the discovery of admissible evidence, but instead constitutes an impermissible fishing expedition. LAI Games further objects to the request for agreements related to the distribution, sale, or marketing of games (including the Stacker) that do not involve markets within the United States as overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. None of Plaintiff's causes of action, and none of LAI Games' defenses, pertain to international markets, such that this portion of the request is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections, LAI Games searched for sales, marketing, and distribution agreements between LAI Games and LAI Games USA, Inc. that relate to the distribution of the Stacker within the United States, and, after a diligent search, LAI Games did not locate any such agreements.

**21.    All agreements between LAI Games and Avel Pty. Ltd. related to the distribution, sale, or marketing of any game including, but not limited to, the Stacker.**

RESPONSE:

LAI Games objects to this request as harassing and duplicative, in that it repeats Plaintiff's Request for Production No. 19. LAI Games incorporates all of its objections to Request for Production No. 19, and directs Plaintiff to that response.

22.     **All agreements between LAI Games and LAI Games USA, Inc., related to the distribution, sale, or marketing of any game including, but not limited to, the Stacker.**

RESPONSE:

LAI Games objects to this request as harassing and duplicative, in that it repeats Plaintiff's Request for Production No. 20. LAI Games incorporates all of its objections to Request for Production No. 20, and directs Plaintiff to that response.

23.     **All agreements between LAI Games and any parent, affiliate, or subsidiary related to the distribution, sale, or marketing of any game including, but not limited to, the Stacker.**

RESPONSE:

LAI Games objects to this request other than that portion that seeks agreements between LAI Games and Avel related to the distribution, sale, and marketing of the Stacker. Those portions of the request which (a) seek agreements other than distribution, sales, or marketing agreements; (b) seek distribution, sales, or marketing agreements between LAI Games and any entity other than Avel; or (c) seek distribution, sales, or marketing agreements between LAI Games and Avel that relate to games other than the Stacker, are all objectionable as overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. These categories are not relevant to any of Plaintiff's claims or the defenses of LAI Games or Avel, and accordingly, the request is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections, LAI Games searched for distribution, sales, and marketing agreements between LAI Games and Avel that pertain to the distribution, sale, or marketing of the Stacker in the United States. After a diligent search, LAI Games did not locate any such agreements.

80465851.1                                          -15-

**24.    All documents related to the creation of the Merchandise Manual Comic Book produced as part of Plaintiff's Initial Disclosures, Bates numbered FEH-048 to FEH-056.**

RESPONSE:

LAI Games objects to this request as vague and ambiguous. This request seeks every document relating in any way to the conception, production, and distribution of the Merchandise Manual Comic Book, and is overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence, as these documents have no relevance to the litigation.

**25.    All documents related to the article "Half A Century in the Making" appearing in the March 2008 issue of RePlay Magazine. This Request includes, but is not limited to, documents related to the decision to post this article on the website www.laigames.com.**

RESPONSE:

LAI Games objects to this request as vague and ambiguous. This request seeks every document relating in any way to the article and its fifty-year subject matter, and it is objectionable as overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to this objection, LAI Games searched for documents related to the decision to post this article on the website www.laigames.com, and after a diligent search, no such documents have been located.

26. **All documents related to the article "LAI Marks 50 Years of Innovation" appearing in the May 2008 issue of Vending Times. This Request includes, but is not limited to, documents related to the decision to post this article on the website www.laigames.com.**

RESPONSE:

LAI Games objects to this request as vague and ambiguous, as the requested documents have not been identified with reasonable particularity. This request seeks every document relating in any way to the article and its fifty-year subject matter, and it is objectionable as overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to this objection, LAI Games searched for documents related to the decision to post this article on the website www.laigames.com, and after a diligent search, no such documents have been located.

27. **All documents related to the article "LAI Games Celebrates the Big 50!" appearing in the June 2008 issue of Play Meter Magazine. This Request includes, but is not limited to, documents related to the decision to post this article on the website www.laigames.com.**

RESPONSE:

LAI Games objects to this request as vague and ambiguous. This request seeks every document relating in any way to the article and its fifty-year subject matter, and it is objectionable as overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to this objection, LAI Games searched for documents related to the decision to post this article on the website www.laigames.com, and after a diligent search, no such documents have been located.

**28.     All documents related to the ownership of the website www.laigames.com.**

RESPONSE:

LAI Games objects to this request as vague and ambiguous, as the requested documents have not been identified with reasonable particularity.  Subject to this objection, LAI Games will produce documents in its possession (if any) that relate to the ownership of the domain name www.laigames.com.

**29.     All documents related to the management and operation of the website www.laigames.com.  This Request includes, but is not limited to, documents concerning decisionmaking [sic] authority for what is posted on this website.**

RESPONSE:

LAI Games objects to this request as vague and ambiguous.  LAI Games further objects that this request is overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to this objection, LAI Games will produce documents in its possession (if any) that pertain to decision-making authority for content posted on the www.laigames.com website.

**30.     The Articles of Incorporation for LAI Games.**

RESPONSE:

See the documents produced.

**31.     The corporate Bylaws for LAI Games.**

RESPONSE:

See the documents produced.

**32.   All documents concerning any meeting attended by an officer, director, employee, partner, representative or agent of LAI Games (including, but not limited to, agendas, minutes, summaries, and notes) concerning the marketing, distribution, sales, leasing, and/or customer service of the Stacker.**

RESPONSE:

LAI Games objects to this request as overbroad, unduly burdensome, not relevant, and not limited in time. Because LAI Games is primarily devoted to distributing the Stacker, this request essentially asks for every document from every meeting in which LAI Games has ever participated, notwithstanding that the vast majority of these meetings and documents have no conceivable relevance to any of Plaintiff's claims or the defenses of LAI Games or Avel. This request is not reasonably calculated to lead to the discovery of admissible evidence, but instead constitutes an impermissible fishing expedition.

**33.   All documents related to the Stacker, including, but not limited to, those concerning marketing, distribution, sales, leasing, customer service or any difficulties or problems anticipated, experienced, reported to, or discussed by LAI Games.**

RESPONSE:

LAI Games objects to this request as overbroad, unduly burdensome, not relevant, and not limited in time. This request for "[a]ll documents related to the Stacker" asks for every document in LAI Games' possession, notwithstanding that the vast majority of these documents have no relevance to Plaintiff's claims or the defenses of LAI Games or Avel. This request is not reasonably calculated to lead to the discovery of admissible evidence, but instead constitutes an impermissible fishing expedition.

**34.   All documents provided by LAI Games to any retailer which sets forth instructions or guidelines.**

RESPONSE:

LAI Games objects to this request as vague and ambiguous, as the requested documents have not been identified with reasonable particularity. LAI Games distributes the Stacker to independent, third-party distributors, and (less frequently) to independent, third-party operators. LAI Games is not involved with any "retailers" as that term is commonly defined (i.e., one who sells goods to the ultimate consumer thereof).

35.    **All documents concerning the promotion or marketing of the Stacker.**

RESPONSE:

LAI Games objects to this request as vague, overbroad, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. The request is not limited in time or scope, and represents an impermissible fishing expedition.

36.    **All documents concerning any difficulties or problems anticipated, experienced, reported to, or discussed by LAI Games in connection with the Stacker.**

RESPONSE:

LAI Games objects to this request as vague, confusing, overbroad, unduly burdensome, and not relevant. The request is not reasonably calculated to lead to the discovery of admissible evidence.

37.    **All documents concerning research and testing related to the Stacker's operation.**

RESPONSE:

LAI Games objects to this request as overbroad, unduly burdensome, and not relevant. The request seeks documents which are not relevant to Plaintiff's claims or any defenses of LAI Games or Avel, and accordingly, the request is not reasonably calculated to lead to the discovery of admissible evidence.

38.     **All documents concerning the manufacturer or design of the Stacker,**
**including, but not limited to, any drawings and models.**

RESPONSE:

LAI Games objects to this request as overbroad, unduly burdensome, and not relevant.
The request seeks documents which are not relevant to Plaintiff's claims or any defenses of LAI
Games or Avel, and accordingly, the request is not reasonably calculated to lead to the discovery
of admissible evidence.  In addition, the request is objectionable as vague and ambiguous, and
for failing to identify the requested documents with reasonable particularity.

39.     **All documents concerning the production of the Stacker, including, but not**
**limited to, any drawings and models.**

RESPONSE:

LAI Games objects to this request as vague and ambiguous.  LAI Games objects that the
request is harassing and duplicative, in that it repeats the requests contained elsewhere in
Plaintiff's First Requests for Production.   Finally, LAI Games objects to this request as
overbroad, unduly burdensome, and not relevant.  The request seeks documents which are not
relevant to Plaintiff's claims or any defenses of LAI Games or Avel, and accordingly, the request
is not reasonably calculated to lead to the discovery of admissible evidence.

40.     **All documents concerning any testing of the Stacker performed by LAI**
**Games or any third parties.**

RESPONSE:

LAI Games objects to this request as overbroad, unduly burdensome, and not relevant.
The request seeks documents which are not relevant to Plaintiff's claims or any defenses of LAI
Games or Avel, and accordingly, the request is not reasonably calculated to lead to the discovery

of admissible evidence. In addition, the request is objectionable as vague and ambiguous, and for failing to identify the requested documents with reasonable particularity.

Subject to these objections, LAI Games will produce documents in its possession (if any) concerning the research and testing of the Stacker game that show the difficulty settings and illustrate whether the Stacker is a game of skill as opposed to a game of chance.

**41.     All documents related to any inquiry by any state, local, federal agency or entity, municipality, review board, attorney general, inspector general related to the Stacker.**

RESPONSE:

LAI Games objects to this request as overbroad, unduly burdensome, and not relevant. The request seeks documents which are not relevant to Plaintiff's claims or any defenses of LAI Games or Avel, and accordingly, the request is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections, LAI Games will produce documents (if any) related to inquiries by state, local, and federal agencies or entities, municipalities, review boards, attorney generals, and inspector generals that relate to whether the Stacker is a game of chance as opposed to a game of skill.

**42.     All documents concerning questions addressed to LAI Games' technical support or customer service concerning the setting of the Stacker, including, but not limited to, logs, summaries, and LAI Games' specific responses to such questions.**

RESPONSE:

LAI Games objects that this request is vague and ambiguous, and for failing to identify the requested documents with reasonable particularity. In addition, LAI Games objects that this request is overbroad, unduly burdensome, and not relevant. The request is not reasonably

calculated to lead to the discovery of admissible evidence, but instead represents an impermissible fishing expedition.

**43.    All documents concerning any communications between LAI and distributors and retailers concerning the settings or instructions of The Stacker.**

RESPONSE:

LAI Games objects that this request is vague and ambiguous, and that the request fails to identify the requested documents with reasonable particularity.  In addition, LAI Games objects that this request is overbroad, unduly burdensome, and not relevant.

Subject to and without waiver of these objections, LAI Games will produce that material it provides when it distributes the Stacker game.

**44.    All documents related or referring to any consumer complaints for the Stacker including, but not limited to, the complaint itself, documents reviewed, referred to or consulted in response to the complaint, and the response sent to the consumer as a result of the complaint.**

RESPONSE:

LAI Games objects to this request as overbroad, unduly burdensome, and not relevant.  In addition, LAI Games objects that this request is vague and ambiguous.

**45.    All documents concerning disclaimers or warnings issued by LAI Games, its parents, subsidiaries, or affiliates related to the Stacker.**

RESPONSE:

LAI Games objects this request because it is overbroad, unduly burdensome, and not relevant.  The request is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of these objections, LAI Games will produce that material it provides when it distributes the Stacker game.

**46.   All documents concerning the volume of sales of the Stacker.**

RESPONSE:

LAI Games objects to this request as overbroad, unduly burdensome, and not relevant. The request is not reasonably calculated to lead to the discovery of admissible evidence, but instead represents an impermissible fishing expedition.

**47.   All documents concerning the yearly revenue generated from sales of the Stacker.**

RESPONSE:

LAI Games objects to this request as overbroad, unduly burdensome, and not relevant. The request is not reasonably calculated to lead to the discovery of admissible evidence, but instead represents an impermissible fishing expedition.

**48.   All documents concerning the yearly net profit generated from sales of the Stacker.**

RESPONSE:

LAI Games objects to this request as overbroad, unduly burdensome, and not relevant. The request is not reasonably calculated to lead to the discovery of admissible evidence, but instead represents an impermissible fishing expedition.

**49.   All documents concerning shipments or sales to distributors and retailers of the Stacker.**

RESPONSE:

LAI Games objects to this request as overbroad, unduly burdensome, and not relevant. In that LAI Games is primarily devoted to the distribution of the Stacker, this request would

essentially require LAI Games to produce every document in its possession, notwithstanding that the vast majority of these documents have no relevance to Plaintiff's claims or any defenses at issue in this lawsuit. This request is not reasonably calculated to lead to the discovery of admissible evidence, and instead constitutes an impermissible fishing expedition. In addition, the request is vague, ambiguous, and fails to identify the requested documents with reasonable particularity.

**50.    All documents concerning any recalls or planned recalls of the Stacker.**

RESPONSE:

LAI Games objects to this request as overbroad, unduly burdensome, and not relevant. The request is not reasonably calculated to lead to the discovery of admissible evidence, but instead represents an impermissible fishing expedition.

**51.    All documents concerning any other lawsuits, claims, or complaints filed against LAI Games, its parents, subsidiaries, or affiliates concerning the Stacker.**

RESPONSE:

LAI Games objects to this request because it is not reasonably calculated to lead to the discovery of admissible evidence, but instead represents an impermissible fishing expedition. In addition, the request is overbroad, unduly burdensome, not relevant, and unlimited in time and scope.

**52.    All insurance policies, agreements, or by-laws under which any person may be liable to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse LAI Games for payments made to satisfy any judgment, settlement, or expenses in connection with this action.**

RESPONSE:

After a diligent search, no documents responsive to this request were identified.

53.     All documents concerning the organization and management structure of LAI Games, including, but not limited to, organizational charts and employee directories.

RESPONSE:

LAI Games objects to this request as overbroad, unduly burdensome, and not relevant.

54.     All documents concerning the organization and management structure of Avel Pty. Ltd., including, but not limited to, organizational charts and employee directories.

RESPONSE:

LAI Games objects to this request as overbroad, unduly burdensome, and not relevant. Additionally, LAI Games objects that this Request is premature, as Avel's Motion to Dismiss for Lack of Personal Jurisdiction is pending. Plaintiff has requested that the Court allow Plaintiff to conduct discovery on the jurisdictional issues raised by Avel's Motion to Dismiss, but the Court has not granted leave for this discovery.

55.     All documents concerning the organization and management structure of LAI Games USA, Inc., including, but not limited to, organizational charts and employee directories.

RESPONSE:

LAI Games objects to this request as overbroad, unduly burdensome, and not relevant. The request is not reasonably calculated to lead to the discovery of admissible evidence, but instead represents an impermissible fishing expedition.

56.     All documents concerning LAI Games' polices for the destruction of records, documents, or files, and the steps LAI Games has taken to preserve documents relevant to this matter.

RESPONSE:

After a diligent search, no documents responsive to this request have been located. Should responsive documents be located, LAI Games will supplement its response.

57.    **All documents concerning attempts by LAI Games to reconstitute documents relevant to this matter that have been previously deleted or destroyed.**

RESPONSE:

After a diligent search, no documents responsive to this request were identified. Should responsive documents be located, LAI Games will supplement its response.

58.    **All documents with reference to or written policies and guidelines related to LAI Games' computer systems, electronic data and electronic media.**

RESPONSE:

LAI Games objects that this request is vague and ambiguous, and that the request does not identify the requested documents with reasonable particularity. In addition, LAI Games objects that this request is overbroad, unduly burdensome, and not relevant. Policies and guidelines pertaining to LAI Games' computer system are, for the most part, irrelevant to any of the causes of action or defenses in this lawsuit, and accordingly, the request is not reasonably calculated to lead to the discovery of admissible evidence.

59.    **All organizational charts for all Information Technology or Information Services departments or divisions for the relevant period.**

RESPONSE:

LAI Games objects that this request is vague and ambiguous. In addition, LAI Games objects that the request is overbroad, unduly burdensome, and not relevant. The request is not reasonably calculated to lead to the discovery of admissible evidence, but instead represents an impermissible fishing expedition.

60.    **All financial statements for Avel Pty. Ltd. from 2004 to the present.**

RESPONSE:

LAI Games objects to this request as overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Avel's financial statements are not relevant to any of Plaintiff's causes of action or any of LAI Games' defenses, and as such, the request is not reasonably calculated to lead to the discovery of admissible evidence, but instead represents an unduly burdensome and harassing fishing expedition.

**61.     All financial statements for LAI Games from 2004 to the present.**

RESPONSE:

LAI Games objects to this request as overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. LAI Games' financial statements are not relevant to any of Plaintiff's causes of action or any of LAI Games' defenses, and as such, the request is not reasonably calculated to lead to the discovery of admissible evidence, but instead represents an unduly burdensome and harassing fishing expedition.

**62.     All federal and state corporate tax returns filed by Avel Pty. Ltd. from 2004 to the present.**

RESPONSE:

LAI Games objects to this request as overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Avel's federal and state tax returns, if any, are not relevant to any of Plaintiff's causes of action or any of LAI Games' defenses, and as such, the request is not reasonably calculated to lead to the discovery of admissible evidence, but instead represents an unduly burdensome and harassing fishing expedition. Finally, LAI Games objects that this Request is premature, as Avel's Motion to Dismiss for Lack of Personal Jurisdiction is pending, and the Court has not granted Plaintiff's request to conduct jurisdictional discovery.

63.     **All federal and state corporate tax returns filed by LAI Games from 2004 to the present.**

RESPONSE:

LAI Games objects to this request as overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. LAI Games' tax returns are not relevant to any of Plaintiff's causes of action or any of LAI Games' defenses, and as such, the request is not reasonably calculated to lead to the discovery of admissible evidence, but instead represents an unduly burdensome and harassing fishing expedition.

64.     **All documents showing or tending to show any corporate action taken or business conducted by Avel Pty. Ltd. with respect to the manufacture, sale, distribution, and/or marketing of the Stacker in the United States. This Request includes, but is not limited to, all minutes, protocols, notes or other similar documents memorializing any and all meetings of the board of directors and/or shareholders of Avel Pty. Ltd. during which these issues were discussed or referenced.**

RESPONSE:

LAI Games objects that this request is vague and ambiguous. In addition, LAI Games objects that this request is overbroad and unduly burdensome. Finally, LAI Games objects that this Request is premature, as Avel's Motion to Dismiss for Lack of Personal Jurisdiction is pending. Plaintiff has requested that the Court allow Plaintiff to conduct discovery on the jurisdictional issues raised by Avel's Motion to Dismiss, but the Court has not granted leave for this discovery.

65.     **All policies, correspondence, directives or any other documents relating to document retention that were in effect at any time from January 1, 2004 to the present.**

RESPONSE:

LAI Games objects to this request as overbroad and unduly burdensome. In addition, LAI Games objects that the request is vague and ambiguous, in that it does not identify the entity as to which the requested policies, correspondence, directives, or other documents were effective. Subject to these objections, LAI Games will provide all of its document retention policies in effect since January 1, 2004. After a diligent search, no responsive documents have been located.

**66.** **All documents LAI Games intends to offer as evidence at trial.**

RESPONSE:

LAI Games objects that this request is premature, as LAI Games has not contemplated what documents it may offer as evidence at trial. Additionally, LAI Games objects to this request as improper because it seeks work product that is protected from discovery. LAI Games will supplement this response as required by the Federal Rules of Civil Procedure and orders of the Court regarding pretrial exchanges of evidence.

**67.** **All documents relied upon by any expert witness LAI Games may call or who LAI Games anticipates it will call as an expert witness at trial.**

RESPONSE:

LAI Games objects that this request is premature, as LAI Games cannot currently identify or anticipate who it may call as an expert witness in this case. LAI Games will supplement this response as required by the Federal Rules of Civil Procedure.

**68.** **All documents generated or prepared by any expert witness that LAI Games may call or who LAI Games anticipates it will call as an expert witness at trial.**

RESPONSE:

LAI Games objects that this request is premature, as LAI Games cannot currently identify or anticipate who it may call as an expert witness in this case. LAI Games will supplement this response as required by the Federal Rules of Civil Procedure.

**69.     All documents identified in response to Plaintiff's First Set of Interrogatories to Defendant LAI Games Sales, Inc.**

RESPONSE:

LAI Games objects that this request is overbroad and unduly burdensome. The request does not identify the requested documents with reasonable particularity, and is not limited in time or scope, but instead represents an impermissibly broad request that would require LAI Games to marshal all of its available evidence.

Subject to these objections, see the documents produced.

**70.     All documents related to any issues or claims contained in Plaintiff's Complaint.**

RESPONSE:

LAI Games objects that this request is overbroad and unduly burdensome. The request does not identify the requested documents with reasonable particularity, and is not limited in time or scope, but instead represents an impermissibly broad request.

**71.     All documents that refer, relate to, or identify any person who has knowledge of any matter contained in Plaintiff's Complaint.**

RESPONSE:

LAI Games objects that this request is overbroad and unduly burdensome. The request does not identify the requested documents with reasonable particularity, and is not limited in time or scope, but instead represents an impermissibly broad request.