IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| JOSEPH FEHELEY, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>LAI GAMES SALES, INC., a Texas Corporation; and LEISURE AND ALLIED INDUSTRIES, d/b/a LAI GROUP, an Australian Company,<br><br>Defendants | CIVIL ACTION NO. 08-23060 |

## DEFENDANT LAI GAMES SALES, INC.'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant LAI Games Sales, Inc. ("LAI Games") serves the following answers and objections to Plaintiff's First Set of Interrogatories.

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.

_____
Edward B. Adams, Jr.
State Bar No. 00790200
Seth M. Isgur
State Bar No. 24054498
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

- and -

POWERS, MCNALIS, TORRES, & TEEBAGY
P.O. Box 21289
West Palm Beach, FL 33416-1289
Telephone: (561) 588-3000
Facsimile: (561) 588-3075

**Counsel for LAI Games Sales, Inc., a Texas Corporation; and Leisure and Allied Industries, d/b/a LAI Group, an Australian Company**

## CERTIFICATE OF SERVICE

In compliance with the Federal Rules of Civil Procedure, this document has been served on March 13, 2009 on the following parties:

Jon M. Herskowitz
Baron & Herskowitz
One Datran Center
9100 South Dadeland Blvd., Suite 1704
Miami, FL 33156

Todd A. Fodiman
Todd R. Legon
William F. Rhodes
Legon, Ponce & Fodiman, P.A.
111 Brickell Ave., Suite 2150
Miami, FL 33131

_____
Seth M. Isgur

80465645.1                    -2-

## GENERAL OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

The following General Objections apply to and are expressly made part of LAI Games' specific answers, set forth below, to each Interrogatory.

1. LAI Games objects to the Interrogatories to the extent they seek information beyond the scope of discovery permitted under the Federal Rules of Civil Procedure.

2. LAI Games objects to the Interrogatories to the extent they call for the disclosure of information protected by the attorney-client privilege, work product doctrine, or other privilege, or which are otherwise immune from discovery. Answers that inadvertently provide privileged information shall not constitute a waiver of any privilege with respect to the subject matter thereof or the information contained therein, and shall not waive the right of LAI Games to object to the use of any such information during any subsequent proceeding.

3. LAI Games objects to the Interrogatories to the extent that they call for disclosure of (i) confidential business information and/or (ii) confidential and sensitive information about individuals and entities who are not parties to this action, including, without limitation, confidential information belonging to third-party distributors, operators, and site owners.

4. LAI Games objects to the Interrogatories to the extent that they are overly burdensome, were propounded solely for purposes of harassment, and are inordinately voluminous.

5. LAI Games' Answers to Plaintiff's Interrogatories are based on the information currently known to LAI Games and are made without prejudice to LAI Games' right to use subsequently discovered information and/or documents. Discovery and pre-trial preparation may develop further information affecting the responses and LAI Games reserves the right to amend or supplement its responses accordingly. By these responses, LAI Games does not intend to

limit its use of any additional information or documents it may subsequently obtain during the course of discovery and further investigation.

6. By answering any specific Interrogatory, LAI Games does not waive its right to object to the use of such information in this action, or any other action or proceeding, for any reason, including without limitation any objections as to relevance, materiality or admissibility of evidence.

7. No incidental or implied admissions are intended by these answers. The fact that LAI Games answers or objects to any Interrogatory should not be taken as an admission that LAI Games accepts or admits the existence of any facts assumed by such Interrogatory or that such answer or objection constitutes admissible evidence as to any assumed facts.

8. The fact that LAI Games answers part or all of any Interrogatory is not intended to be, and shall not be, construed as a waiver by LAI Games of any part of any objection to that or any other Interrogatory.

9. LAI Games objects to Plaintiff's definition of "Stacker." Specifically, LAI Games objects to the Plaintiff's inclusion of other games in its definition of Stacker. Plaintiff's definition of "Stacker" purports to include "any variant of the game including, but not limited to, Stacker Giant, Mini Stacker, Double Up Stacker, and the 'California' version of the Stacker." Plaintiff has not alleged that he played any of these variants, or that he suffered damages in connection with any game other than the Stacker. Accordingly, all requests that incorporate this definition and which seek information regarding games other than the Stacker version that Plaintiff allegedly played are objectionable as overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. To the extent that LAI Games responds to any request incorporating this definition of Stacker, LAI Games' response is

expressly limited to information concerning the Stacker, and LAI Games' response will not include information pertaining to these other games, which are outside the scope of this lawsuit.

## ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1. **State the full name, title, address, and phone number of each individual providing answers to these Interrogatories and identify each and every interrogatory for which such individual provided information.**

**ANSWER:**

Peter Gustafson, U.S. General Manager and International Sales Manager, LAI Games, 1621 West Crosby Road, Suite 100A, Carrollton, Texas 75006, (469) 521-7000; with the advice and assistance of counsel.

2. **Identify each and every individual who has knowledge of any matter contained in Plaintiff's Complaint or Defendant's Answer and Affirmative Defenses thereto, and provide each person's address, business title, telephone number and a complete and accurate account of each person's knowledge.**

**ANSWER:**

LAI Games objects to this interrogatory as overbroad and unduly burdensome. Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), LAI Games has provided the name and address of each individual likely to have discoverable information. Additionally, pursuant to Federal Rule of Civil Procedure 25(a)(3)(A), LAI Games will provide the name and address of those witnesses it intends to call within the timeframe established by Federal Rule of Civil Procedure 25(a)(3)(B).

3. **Set forth the names and titles of each employee, agent or representative of Avel Pty. Ltd. And/or LAI Games who attended the 2008 International Association of Amusement Parks and Attractions (IAAPA) Expo held November 18-21, 2008 in Orlando, Florida.**

**ANSWER:**

LAI Games objects to this interrogatory as overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff presumably requests this information in an attempt to vest the Court with personal jurisdiction

over LAI Games' co-Defendant, Avel Pty. Ltd. ("Avel," incorrectly named in Plaintiff's Complaint as Leisure and Allied Industries, d/b/a LAI Group). However, as explained in Avel's Reply to Plaintiff's Memorandum of Law in Opposition to Avel's Motion to Strike the Affidavit of Myrna V. Hecker (Doc. 23, on file with the Court), the IAAPA Expo in Orlando is irrelevant to the jurisdictional question, because the trade show occurred during November 18-21, 2008, which is *after* the date that Plaintiff's Complaint was filed. Because personal jurisdiction is assessed as of the time that the Complaint is filed, the IAAPA Expo is irrelevant to the jurisdictional question, and has no other relevance to any of Plaintiff's claims or any defense of LAI Games or Avel. *See, e.g. Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004).

4. **Identify all business entities which are involved in or related to the business operations of LAI Games, Avel Pty. Ltd., and LAI Games USA, Inc., including but not limited to parents, subsidiaries, and affiliates of those entities respectively. Your response to Interrogatory No. 5 should also identify the state where each entity resides, is located, or maintains an office for the transaction of its business, and state each and every country (and state, if in the United States) where each such entity conducts business.**

**ANSWER:**

LAI Games objects to this interrogatory to the extent that it seeks information concerning LAI Games USA, Inc. LAI Games USA, Inc. is not a party to this lawsuit, and accordingly, the portion of the interrogatory that seeks information regarding LAI Games USA, Inc. is overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, LAI Games objects that the entire interrogatory is vague and ambiguous, in that Plaintiff has not defined "involved in or related to the business operations," thereby making it impossible for LAI Games to identify the business entities (and related information) targeted by this interrogatory.

5.  As to LAI Games, Avel Pty. Ltd., and LAI Games USA, Inc., please set forth the following information for each:

    a)  the country (and county and state in the United States) where each entity maintains its principal place of business;

    b)  the business purpose and nature of the business of each entity;

    c)  each and every state in the United States and county in which each entity transacts business;

    d)  the business relationship each entity has with the other;

    e)  identification of any and all documents which reflect the relationship between each entity and/or sets forth the corporate structure between each entity.

**ANSWER:**

LAI Games objects to this interrogatory to the extent that it seeks information concerning LAI Games USA, Inc. LAI Games USA, Inc. is not a party to this lawsuit, and accordingly, the portion of the interrogatory that seeks information regarding LAI Games USA, Inc. is overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. LAI Games further objects to portions of this interrogatory as vague and ambiguous. Plaintiff has not defined "business purpose and nature of the business," "transacts business," or "business relationship," such that the requested information has not been identified with reasonably particularity.

Subject to these objections, LAI Games provides the following responses as to Defendants LAI Games and Avel. LAI Games' will supplement its responses should additional, responsive information become available:

   a)  LAI Games maintains its principal place of business in the United States of America; more specifically, in Dallas County, Texas. Avel maintains its principal place of business in the Commonwealth of Australia; more specifically, in Northbridge Australia.

   b)  LAI Games' nature and business purpose is to distribute coin-operated, arcade-style amusement games to independent distributors and to key account holders. LAI Games does not manufacture or operate any games. Avel's nature and business purpose is to serve as a holding company for a number of

        entities. Avel does not manufacture, operate, or distribute any games.

c) LAI Games transacts most of its business in Texas, where its principal place of business is located. LAI Games also attends trade shows in various other states. Avel does not conduct any business in the United States.

d) Avel holds 100% of LAI Games' stock.

e) LAI Games objects to this interrogatory as overbroad and unduly burdensome. The request is not reasonably calculated to lead to the discovery of admissible evidence, but instead represents an impermissible fishing expedition. LAI Games also objects to this interrogatory as vague and ambiguous.

**6. Identify all individuals or entities (by name, address and telephone number) in the United States who have purchased, rented, or leased the Stacker.**

**ANSWER:**

LAI Games objects to this interrogatory because it is overbroad and unduly burdensome. The interrogatory is not limited in time or scope. LAI Games also objects to this interrogatory because it exceeds the permissible scope of discovery, seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, LAI Games is without sufficient knowledge or information to fully answer this interrogatory. LAI Games distributes the Stacker to independent, third-party distributors, and less frequently, to independent operators of the Stacker. Once these units leave LAI Games' control, LAI Games has no further connection to the units, and does not know who the independent third-party distributors distribute the units to, where the units are ultimately placed, or to whom the units are ultimately sold, rented, or leased. In addition, LAI Games began distributing the Stacker in the United States during November 2006. Prior to this time, the Stacker was distributed in the United States by Valley-Dynamo, which is now a division of Brunswick Billiards. LAI Games does not know to whom Valley-Dynamo sold, rented, or leased Stackers.

Subject to these objections, and subject to the execution of an acceptable confidentiality agreement, LAI Games will provide a list of individuals and entities to which LAI Games has distributed Stackers to within the United States.

7. **Identify all individuals or entities in the United States who have stored, kept, or possessed the Stacker at any time from July 1, 2004 to the present.**

**ANSWER:**

LAI Games is without sufficient knowledge or information to fully answer this interrogatory. LAI Games distributes the Stacker to independent, third-party distributors, and less frequently, to independent operators of the Stacker. Once these units leave LAI Games' control, LAI Games has no further connection to the units, and does not know who else may store, keep, or possess the units. In addition, LAI Games began distributing the Stacker in the United States during November 2006. Prior to this time, the Stacker was distributed in the United States by Valley-Dynamo, which is now a division of Brunswick Billiards. Accordingly, LAI Games does not know which individuals or entities may have stored, kept, or possessed the Stacker prior to November 2006, or which individuals or entities may have stored, kept, or possessed the Stacker in connection with transactions involving Valley-Dynamo.

Subject to these objections, and subject to the execution of an acceptable confidentiality agreement, LAI Games will provide a list of individuals and entities to which LAI Games has distributed Stackers to within the United States.

8. **Set forth the number of Stackers that have been distributed in each state of the United States since July 1, 2004.**

**ANSWER:**

LAI Games is without sufficient knowledge or information to answer this interrogatory. LAI Games distributes the Stacker to independent, third-party distributors, and less frequently, to independent operators of the Stacker. Once these units leave LAI Games' control, LAI Games

has no further connection to the units, and does not know their ultimate destination. In addition, LAI Games began distributing the Stacker in November 2006. Prior to this time, the Stacker was distributed by Valley-Dynamo, which is now a division of Brunswick Billiards. Accordingly, LAI Games does not know the destination of Stackers distributed prior to November 2006.

Subject to this objection, LAI Games will produce a list indicating how many Stackers it has shipped to specific states within the United States since November 2006.

9. **Identify all efforts undertaken by LAI Games, Avel Pty. Ltd., and LAI Games USA, Inc., respectively, to market or promote the Stacker in the United States at any time since July 1, 2004. Your response to this Interrogatory should include, but not be limited to, the date, location and a brief description of the content of, all print advertising, television and radio commercials, billboards, and Internet webpages related to the Stacker.**

## ANSWER:

LAI Games objects to this interrogatory because it is overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, LAI Games objects to this interrogatory as vague and ambiguous, in that Plaintiff has not offered any definition of "efforts undertaken…to market or promote."

10. **Set forth the amount of revenue that LAI Games, Avel Pty. Ltd., and LAI Games USA, Inc., respectively, derive from the sale and/or distribution of the Stacker in the United States for each year since July 1, 2004. Your response to this Interrogatory should set forth the amount of revenue that LAI Games, Avel Pty. Ltd., and LAI Games USA, Inc., respectively, derive from the sale and/or distribution of the Stacker in each state of the United States.**

## ANSWER:

LAI Games objects to this interrogatory as overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. The amount of revenue derived from the sale and/or distribution of the Stacker in the United States does not pertain to any of Plaintiff's causes of action or any of LAI Games' defenses.

11. **For all Stacker machines manufactured, marketed, distributed, and/or sold within the United States at any time since July 1, 2004, identify all upgrades, alterations or changes, related to the operation of the Stacker, the date(s) of all such upgrades, alterations, and changes, and a brief description of what each upgrade, alteration and change was intended to address.**

**ANSWER:**

LAI Games is without knowledge or information sufficient to fully answer this interrogatory. LAI Games distributes the Stacker to independent, third-party distributors, and less frequently, to independent operators of the Stacker. Once the units leave LAI Games' control, LAI Games has no further connection to the units. Using readily available technology, these third-party distributors and independent operators can upgrade, alter, or change the operation of the Stacker, without the knowledge of LAI Games. In addition, LAI Games merely distributes the Stacker, and LAI Games does not conduct any upgrades, alterations, or changes to the Stacker, which would instead be made by the manufacturer of the game. Furthermore, LAI Games began distributing the Stacker in November 2006, and accordingly, LAI Games has limited knowledge of any upgrades, alterations, or changes to the Stacker that may have occurred prior to this date. Finally, LAI Games further objects to this interrogatory as vague and ambiguous, as Plaintiff has not offered any definition of "upgrades, alterations or changes, related to the operation of the Stacker." To the extent that "upgrades, alterations, or changes related to the operation of the Stacker" contemplates every conceivable modification to the game's operation, LAI Games objects that the interrogatory is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

12. **Identify the default frequency on the Stacker by which minor and major prizes are dispensed, and describe how this frequency is originally set and how it may thereafter be adjusted. Your response to this Interrogatory should include, but not be limited to, an identification of the entity that sets the default frequency (*e.g.*, the manufacturer).**

**ANSWER:**

Plaintiff is directed to the documents produced.

13. **Identify all e-mail systems used by LAI Games, Avel Pty. Ltd., and LAI Games USA, Inc., respectively, and describe all inter-connectivity between the computer systems of each of these entities. Your response to this interrogatory should include, but not be limited to, identifying the ways in which electronic data is shared between these entities, the method of transmission, and the type of data transferred.**

**ANSWER:**

LAI Games objects to this interrogatory to the extent that it seeks information concerning LAI Games USA, Inc. LAI Games USA, Inc. is not a party to this lawsuit, and accordingly, the portion of the interrogatory that seeks information regarding LAI Games USA, Inc. is overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. LAI Games further objects to this interrogatory as vague and ambiguous, as Plaintiff has not identified the requested information with reasonable particularity.

14. **Identify any data that has been deleted, physically destroyed, discarded, damaged (physically or logically), or overwritten, whether pursuant to a document retention policy or otherwise, since the commencement of this litigation or other litigation involving the same subject matter. Specifically identify those documents that relate to or reference the subject matter of the above referenced litigation.**

**ANSWER:**

LAI Games objects to this interrogatory as overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection, LAI Games is not aware of any documents relating to the subject matter of this litigation that have been deleted, physically destroyed, discarded, damaged (physically or logically), or overwritten since the commencement of this litigation. Should such documents be identified, LAI Games will supplement its response.

15. **Identify the name, address, and telephone number of each and every business entity or individual involved in the following capacity as to the Stacker:**

    a)     manufacture and design;
    b)     distribution, including the selling, leasing or renting of the Stacker;

  c) marketing;

  d) customer service;

  e) adjusting, altering, configuring, repairing or setting the Stacker;

  f) instructions, agreements, training.

**ANSWER:**

LAI Games objects that this interrogatory is overbroad and unduly burdensome. LAI Games further objects to this interrogatory to the extent that it seeks information concerning markets other than the United States, as these international markets are not relevant to any of the causes of action or defenses at issue in this lawsuit, such that this portion of the request is not reasonably calculated to lead to the discovery of admissible evidence. LAI Games' answer is expressly limited to information regarding the United States. LAI Games further objects that this single interrogatory contains six discrete subparts, and should, therefore, be counted as six distinct Interrogatories. Accordingly, these discrete subparts (a) through (f) will be treated as Interrogatory Numbers 15 through 20, respectively, with the next interrogatory resuming as Interrogatory Number 21. Subject to and without waiver of these objections, as to each of these discrete subparts, LAI Games offers the following responses:

Interrogatory No. 15 (Subpart (a)): The Stacker is manufactured and designed by PT Matahari Leisure, Kawasan Industri Millenium Blok C1, Panongan Tiga Raksa Tangerang, Indonesia 15710.

Interrogatory No. 16 (Subpart (b)): Plaintiff is directed to LAI Games' response to Interrogatory No. 6, where LAI Games has listed those entities to whom LAI Games has distributed the Stacker to within the United States, and where LAI Games describes why it lacks sufficient knowledge and information to identify every entity that may have distributed, sold, rented, or leased the Stacker.

<u>Interrogatory No. 17 (Subpart (c))</u>: LAI Games objects that this interrogatory is vague and ambiguous, as Plaintiff has failed to identify the requested information with reasonable particularity. In addition, LAI Games lacks knowledge or information sufficient to fully answer this interrogatory. LAI Games distributes the Stacker to independent, third-party distributors, and less frequently, to independent operators of the Stacker. LAI Games does not have complete knowledge as to whether these independent distributors or operators (or site-owners at locations where Stackers are placed) engage in "marketing" of the Stacker. As to the "marketing" efforts of LAI Games and Avel, Plaintiff is directed to LAI Games' response to Interrogatory No. 9.

<u>Interrogatory No. 18 (Subpart (d))</u>: LAI Games objects that this interrogatory is vague and ambiguous, as Plaintiff has failed to identify the requested information with reasonable particularity. The interrogatory is unclear as to whether the "customer" is the individual who plays the Stacker, or the owner and operator of the Stacker, or the third-party distributors that purchase the units from LAI Games, or the site owner where the units are placed. In addition, LAI Games lacks knowledge or information sufficient to fully answer this interrogatory. LAI Games distributes the Stacker to independent, third-party distributors, and less frequently, to independent operators of the Stacker. LAI Games does not know to what extent these third-party distributors, independent operators, or site owners engage in "customer service."

<u>Interrogatory No. 19 (Subpart (e))</u>: LAI Games objects that this interrogatory is vague and ambiguous, as Plaintiff has failed to identify the requested information with reasonable particularity. In addition, LAI Games lacks knowledge or information sufficient to fully answer this interrogatory. LAI Games distributes the Stacker to independent, third-party distributors, and less frequently, to independent operators of the Stacker. LAI Games does not have complete knowledge as to whether these independent distributors or operators (or site-owners at locations

where Stackers are placed) adjust, alter, configure, repair or set the Stacker. As described in its Answer to Interrogatory No. 11, the Stacker's operation can be adjusted using readily available technology, and LAI Games would not have any knowledge of any such adjustment made by third-parties.

Subject to these objections, LAI Games identifies the following individuals or entities as being involved in adjusting, altering, configuring, repairing or setting the Stacker:

PT Matahari Leisure, Kawasan Industri Millenium Blok C1, Panongan Tiga Raksa Tangerang, Indonesia 15710; PT Matahari Leisure manufactures the Stacker, and accordingly, is involved in the configuring and setting of the Stacker.

Interrogatory No. 20 (Subpart (f)): LAI Games objects that this interrogatory is vague and ambiguous, as Plaintiff has failed to identify the requested information with reasonable particularity. In addition, LAI Games is without knowledge or information sufficient to fully respond to this interrogatory. LAI Games distributes the Stacker to independent, third-party distributors, and less frequently, to independent operators of the Stacker. LAI Games does not have complete knowledge as to the extent to which these independent distributors or operators (or site-owners at locations where Stackers are placed) engage in "instructions, agreements, [or] training" pertaining to the Stacker.

Subject to these objections, LAI Games identifies the following entities or individuals engaged in the creation and distribution of instructions for playing and operating the Stacker, and the following entities or individuals who provide training on the use of the Stacker:

PT Matahari Leisure, Kawasan Industri Millenium Blok C1, Panongan Tiga Raksa Tangerang, Indonesia 15710, who manufactures the Stacker (including the Player instructions contained on the game) and creates the Stacker Operator's Manual; LAI Games, who distributes

the Stacker, and as part of the distribution of the unit, also distributes the Stacker Operator's Manual.

LAI Games is not aware of any additional training or instructions associated with the Stacker. Should additional responsive information become available, LAI Games will supplement its response:

Regarding "agreements," Plaintiff is directed to LAI Games' response to Interrogatory No. 6, where LAI Games has listed those entities to whom LAI Games has distributed the Stacker to within the United States, and where LAI Games describes why it lacks sufficient knowledge and information to identify every entity that may have distributed, sold, rented, or leased the Stacker.

**21.    Provide a complete and accurate account of the manner in which the Stacker is programmed and/or the method of setting, configuring, or calibrating the Stacker at the time of manufacture, distribution, and delivery to a customer, and identify the name, address, business entity and location as to where this occurs.**

**ANSWER:**

LAI Games objects that this interrogatory is vague and ambiguous, as Plaintiff has failed to identify the requested information with reasonable particularity. To the extent that this interrogatory requests information regarding programming elements of the Stacker that do not pertain in any way to the claims or defenses involved in this lawsuit, LAI Games objects that the interrogatory is overbroad, unduly burdensome, not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Finally, LAI Games is without knowledge or information sufficient to fully respond to this interrogatory. LAI Games distributes the Stacker to independent, third-party distributors, and less frequently, to independent operators of the Stacker. LAI Games does not manufacture the Stacker, and LAI Games does not program, set, configure, or calibrate the units. Accordingly, LAI Games cannot give sworn answers as to how

the games are initially programmed, and LAI Games has no knowledge regarding how the initial programming may be subsequently altered by third-party distributors, operators, or site owners.

Subject to these objections and qualifications, LAI Games directs Plaintiff to the documents produced.

22. **Provide a complete and accurate account of each and every inquiry or complaint by any state, local, federal agency or entity, municipality, review board, attorney general, inspector general related to the Stacker.**

**ANSWER:**

LAI Games objects that the interrogatory is overbroad, unduly burdensome, and not relevant. Inquiries or complaints by state, local, federal agency or entity, municipality, review board, attorney general, inspector general related to the Stacker are not relevant to Plaintiff's claims or LAI Games' defenses, and accordingly, this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of these objections, LAI Games directs the Plaintiffs to the documents produced.

23. **Identify each and every other lawsuit, claim, or complaint filed against LAI Games, Avel Pty. Ltd., and LAI Games USA, Inc. concerning the Stacker or any prize redemption game manufactured or distributed by any of these entities.**

**ANSWER:**

LAI Games objects that the interrogatory is overbroad, unduly burdensome, and not relevant. Other lawsuits, claims, or complaints filed against LAI Games, Avel Pty. Ltd., and LAI Games USA, Inc. concerning the Stacker or any prize redemption game manufactured or distributed by any of these entities are not relevant to Plaintiff's causes of action or LAI Games' defenses, and accordingly, this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

24. Identify every individual that LAI Games will call or anticipates calling as a witness at trial in this case. With respect to each witness, state the anticipated subject matter of that person's testimony, a description of each individual's knowledge, and the actual or claimed basis for each individual's knowledge.

**ANSWER:**

LAI Games objects that this interrogatory is premature. LAI Games is not currently in a position to anticipate who it may call as a witness at trial in this case, or to identify the remaining information requested above. LAI Games will supplement this answer as required by the Federal Rules of Civil Procedure or by the Court.

25. Identify all expert witnesses LAI Games anticipates calling to testify at trial. Your response should also include: a) the name and business address of each expert witness; b) the qualifications of each witness as an expert; c) the subject matter upon which each expert witness is expected to testify; d) the substance of the facts and opinions on which each expert witness is expected to testify; and e) a summary of the grounds of the opinions held by each expert witness.

**ANSWER:**

LAI Games objects that this interrogatory is premature. LAI Games is not currently in a position to anticipate who it may call as an expert witness at trial in this case, or to identify the remaining information requested above. LAI Games will supplement this answer as required by the Federal Rules of Civil Procedure or by the Court.